IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| June Douglas, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  12 C 9519 |
| PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, June Douglas, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, June Douglas ("Douglas"), is a citizen of the State of Minnesota, from whom Defendant attempted to collect a delinquent consumer, owed for a Target account, which was then allegedly owed to a bad debt buyer, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

    4.    Defendant, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group ("PCA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. PCA operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PCA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

    5.    Defendant PCA is a bad debt buyer, which buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

    6.    Defendant PCA is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendant PCA conducts extensive and substantial business in Illinois.

## FACTUAL ALLEGATIONS

    7.    Ms. Douglas is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to Target. At some point in time after that debt became delinquent, Defendant PCA bought Ms. Douglas' Target debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program,

regarding her financial difficulties and Defendant's collection actions.

8. Specifically, Defendant PCA hired its sister company, Phillips & Cohen Associates ("P&C"), to demand payment of the Target debt from Ms. Douglas, which did so by sending her a collection letter, dated December 29, 2010. A copy of this letter is attached as Exhibit B.

9. Accordingly, on February 15, 2011, one of Ms. Douglas' attorneys at LASPD informed Defendant, through PCA's agent and sister company, P&C, that Ms. Douglas was represented by counsel, and directed Defendant PCA to cease contacting her, and to cease all further collection activities because Ms. Douglas was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant PCA then had another debt collector, Northland Group, send Ms. Douglas a collection letter, dated October 9, 2012, demanding payment of the Target debt. A copy of this collection letter is attached as Exhibit D.

11. Accordingly, on October 25, 2012, Ms. Douglas' LASPD attorney had to send PCA yet another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Douglas' agent/attorney, LASPD, told Defendant to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant PCA violated § 1692c(c) of the FDCPA.

17. Defendant PCA's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant PCA knew, or readily could have known, that Ms. Douglas was represented by counsel in connection with her debts because her attorneys at LASPD

had informed Defendant, in writing (Exhibit C), that Ms. Douglas was represented by counsel, and had directed a cessation of communications with Ms. Douglas. By sending a collection letter to Ms. Douglas (Exhibit D), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

21. Defendant PCA's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, June Douglas, prays that this Court:

1. Find that Defendant PCA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Douglas, and against Defendant PCA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, June Douglas, demands trial by jury.

June Douglas,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 29, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com